IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MAGDA C. RODRÍGUEZ-RODRÍGUEZ ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> DOCTOR'S ASSOCIATES, LLC., <br><br> Defendants | CIV. NO.: 19-2138 (SCC) <br> 20-1095 (SCC) |

**OPINION AND ORDER**

Plaintiffs Magda Rodríguez-Rodríguez and Félix Peña-Fernández filed this action under federal question and diversity jurisdiction seeking vacatur of the Award of Arbitrator (the "Award") entered by the American Arbitration Association ("AAA") against them and in favor of Defendant Doctor's Associates, LLC ("Doctor's") regarding the termination of certain franchise agreements. *See* Docket No. 1. Several months later, Doctor's filed a separate action in this Court seeking confirmation of the Award. *See* Docket No. 1 of Case No. 20-1095. The two actions were consolidated at the request of Plaintiffs. *See* Docket No. 18. Pending before the Court are Mr. Peña and Ms. Rodríguez's separate Motions to Dismiss Doctor's' petition, arguing that the "rights, titles and interests" under the franchise agreements have already been adjudicated in this Court via a criminal forfeiture proceeding

Case 3:20-cv-01095-SCC   Document 35   Filed 03/19/21   Page 2 of 11

RODRÍGUEZ-RODRÍGUEZ ET AL. v.                                          Page 2
DOCTOR'S ASSOCIATES, LLC.

against Mr. Peña and therefore the petition should be dismissed. *See* Docket No. 21; Docket No. 26 of Case No. 20-1095.[1] Doctor's opposed both Motions. *See* Docket Nos. 19, 28.

## I.   Factual and Procedural Background

In 2015, Doctor's entered into three franchise agreements with Plaintiffs, under which Plaintiffs – who were married at the time – agreed to run three Subway restaurants in Puerto Rico according to Doctor's' proprietary system of operation (the "Franchise Agreements" or "Agreements").[2] *See* Docket No. 3, Exs. 1, 2, 3 of Case No. 20-2095. In March of 2019, Doctor's commenced an arbitration proceeding pursuant to an arbitration clause in the Franchise Agreements through the AAA against Plaintiffs seeking to terminate the Agreements and other relief. *See* Docket No. 1, ¶ 6 of Case No. 20-1095.

Prior to the commencement of the arbitration, Mr. Peña had pled guilty to thirteen counts of bank fraud in criminal case number 18-426. *See* Docket No. 20, Ex. 3 of Case No. 20-1095. As a result, the Court issued a preliminary forfeiture order on October 12, 2018, pursuant to 21 U.S.C. § 853(n) ("Section 853") and Federal Rule of Criminal Procedure 32.2

---

[1] Mr. Peña filed an earlier Motion to Dismiss at Docket Number 20 of Case Number 20-1095, but this Court ruled that it will only consider the arguments raised in the renewed Motion to Dismiss at Docket Number 26, pursuant to Mr. Peña's own request, however, the Court will consider the documents attached to the Motion.

[2] Those Franchise Agreements will hereinafter individually be referred to as Franchise Agreement #18256, Franchise Agreement #66058 and Franchise Agreement #21043, respectively.

Case 3:20-cv-01095-SCC   Document 35   Filed 03/19/21   Page 3 of 11

RODRÍGUEZ-RODRÍGUEZ ET AL. v.                                Page 3
DOCTOR'S ASSOCIATES, LLC.

("Rule 32.2."), under which Mr. Peña agreed as part of his plea to forfeit his "rights, title and interest" in Franchise Agreement #18256 and Franchise Agreement #21043 to the United States as proceeds of his illegal conduct. *See* Docket No. 20, Ex. 2 of Case No. 20-1095.

Pursuant to 21 U.S.C. § 854(n)(2) and Rule 32.2(c), Doctor's filed for relief from forfeiture as a third-party petitioner in an ancillary proceeding to the criminal matter, arguing that it had superior rights and interests in the forfeited Franchise Agreements. *See* Docket No. 20, Ex. 3 of Case No. 20-1095. Ms. Rodríguez also sought relief from forfeiture, invoking an alleged community property exemption in light of her divorce from Mr. Peña. *See id.* The Court denied both petitions, holding that because the Franchise Agreements did not transfer ownership of Doctor's' rights to Mr. Peña, the property subject to forfeiture – Mr. Peña's "rights, title and interest" in the Franchise Agreements – and Doctor's' property are distinct, and therefore Doctor's did not have a superior interest in the forfeited property such that the preliminary forfeiture order was unwarranted. *See* Docket No. 20, Ex. 4 of Case No. 20-1095. As for Ms. Rodríguez, the Court held that Congress refrained from including an innocent spouse exemption in Section 853, and her motion for relief from forfeiture was denied. *See* Docket No. 20, Ex. 3 of Case No. 20-1095. Doctor's filed for reconsideration, and the Court again denied its request. *See*

Case 3:20-cv-01095-SCC   Document 35   Filed 03/19/21   Page 4 of 11

RODRÍGUEZ-RODRÍGUEZ ET AL. v.                                    Page 4
DOCTOR'S ASSOCIATES, LLC.

Docket No. 20, Ex. 1 of Case No. 20-1095. The Court issued a final forfeiture order on August 23, 2019.

On August 2, 2019, during the criminal forfeiture proceeding, Plaintiffs answered the arbitration demand and requested a stay in the arbitration proceeding until the forfeiture order was finalized, given that the Franchise Agreements that were the subject of the arbitration were also at issue in the criminal case. *See* Docket No. 1, ¶ 15. However, on September 18, 2019, the AAA notified Plaintiffs of the Award, under which the arbitrator ruled that Mr. Peña breached the terms of the Franchise Agreements by pleading guilty to bank fraud, and, as a result, all three Franchise Agreements were terminated with good cause. *See* Docket No. 1, Ex. 1. The arbitrator also ruled that Plaintiffs must "dis-identify" their Subway restaurants associated with the Franchise Agreements and Plaintiffs must pay $250 per day for each day after the issuance of the award that they continue to use the Subway name and trademarks. *See id.* Finally, the arbitrator ruled that Plaintiffs must abide by the post-termination and non-competition provisions contained in Franchise Agreement #21043 and pay all administrative costs and fees for the arbitration procedure. *See id.*

On December 18, 2019, Plaintiffs filed this action seeking to vacate the Award of Arbitrator, arguing that the Doctor's acted in "manifest disregard for the law" and exceeded its contractual authority in initiating the arbitration, as Mr.

Peña's rights under the Franchise Agreement had already been forfeited in the criminal matter. *See* Docket No. 1. Soon after, Doctor's filed a separate action in this Court, seeking confirmation of the Award in accordance with the Federal Arbitration Act, 9 U.S.C. §§ 9-13 ("FAA"). *See* Docket No. 1 of Case No. 20-1095.

Mr. Peña moved to dismiss Doctor's' petition pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that the criminal forfeiture proceeding barred Doctor's from attempting to establish its interest in the Franchise Agreements subject to forfeiture. *See* Docket No. 26 in Case No. 20-1095. Ms. Rodríguez also moved to dismiss Doctor's' petition and to join Mr. Peña's Motion to Dismiss. *See* Docket No. 21. Doctor's opposed both Motions. *See* Docket Nos. 19, 28.

## II. Standard of Review

Under the FAA, a court's review of an arbitration award is "extremely narrow and exceedingly deferential." *Ortíz-Espinosa v. BBVA Sec. of Puerto Rico, Inc.*, 852 F.3d 36, 47 (1st Cir. 2017). The court does "not sit as a court of appeal to hear claims of factual or legal error by an arbitrator to consider the merits of the award." *Asociación de Empleados del E.L.A. v. Unión Internacional de Trabajadores de la Industria de Automóviles*, 559 F.3d 44, 47 (1st Cir. 2009) (quoting *Challenger Caribbean Corp. v. Union Gen. de Trabajadores de Puerto Rico*, 903

Case 3:20-cv-01095-SCC   Document 35   Filed 03/19/21   Page 6 of 11

RODRÍGUEZ-RODRÍGUEZ ET AL. v.                                      Page 6
DOCTOR'S ASSOCIATES, LLC.

F.2d 857, 860 (1st Cir. 1990)). Our limited review applies "[e]ven where such error is painfully clear, [because] courts are not authorized to reconsider the merits of arbitration awards." *Advest, Inc. v. McCarthy*, 914 F.2d 6, 8 (1st Cir. 1990) (quoting *S.D. Warren Co. v. United Paperworkers Int'l Union, Local 1069*, 845 F.2d 3, 7 (1st Cir. 1988)). The burden to establish that the arbitrator's award should be set aside lies with the party seeking vacatur. *See Ortíz-Espinosa*, 852 F.3d at 48.

### III.   Analysis

We begin our analysis with the legal significance of the criminal forfeiture proceeding. Because Mr. Peña committed bank fraud in violation of 18 U.S.C. § 1344, the Court ordered that he forfeit any property derived from proceeds obtained as a result of the offense – his "rights title and interests" in Franchise Agreement #18256 and Franchise Agreement #21043, among others. *United States v. Peña-Fernández*, 401 F.Supp.3d 223, 225-26 (D.P.R. 2019) (quoting 18 U.S.C. § 983(a)(2)(B)); *see also United States v. Catala*, 870 F.3d 6, 11 (1st Cir. 2017) (explaining that forfeiture serves to separate a "criminal from his ill-gotten gains" and lessen "the economic power of unlawful activities" (internal quotations omitted)). Under the "relation back doctrine" in Section 853, "[a]ll rights, title, and interest in property [subject to forfeiture] vests in the United States upon the commission of the act giving rise to

forfeiture." *Id.* at 226 (quoting 21 U.S.C. § 853(c)). This Court found in Mr. Peña's criminal forfeiture proceeding that Section 853 allows the United States to "step into Peña's shoes, 'acquiring only the rights [he possessed] at the time of the criminal acts, and nothing more.'" *Id.* (quoting *United States v. Huntington Nat'l Bank*, 682 F.3d 429, 433 (6th Cir. 2012)). Because Mr. Peña committed bank fraud from November 2011 to June 2015, the United States' interests in his property vested in 2015 when he entered into the Franchise Agreements. *United States v. Peña-Fernández*, 378 F.Supp.3d 130, 134 (D.P.R. 2019).

We next turn to our authority to vacate the Award. The FAA allows a district court to vacate an arbitration award:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Case 3:20-cv-01095-SCC   Document 35   Filed 03/19/21   Page 8 of 11

RODRÍGUEZ-RODRÍGUEZ ET AL. v.                                              Page 8
DOCTOR'S ASSOCIATES, LLC.

9 U.S.C. § 10(a). Plaintiffs also invoke the "manifest disregard of the law" doctrine, a judicial construct that requires vacatur of an award that is: (1) "unfounded in reason and fact," (2) "based on reasoning so palpably faulty that no judge, or group of judges, ever could conceivably have made such a ruling," or (3) "mistakenly based on a crucial assumption that is concededly a non-fact." *Zayas v. Bacardí Corp.*, 524 F.3d 65, 68 (1st Cir. 2008).

However, while bearing in mind the deferential standard under which we operate in reviewing an arbitrator's decision, we find that vacatur of the Award as to Franchise Agreement #18256 and Franchise Agreement #21043 is warranted under Section 10(a)(4) of the FAA considering the criminal forfeiture order. Given that the United States took over Mr. Peña's role under the two Franchise Agreements, he was no longer a party with "rights, title and interest" to those contracts and therefore no longer bound by their terms, including the arbitration provision that was triggered by Doctor's and that led to the Award. Thus, the Award is a legal nullity, as its only basis in law – the Franchise Agreements – no longer had any force against Mr. Peña in light of the criminal forfeiture order. Thus, we find, in accordance with Section 10(a)(4) of the FAA, that the arbitrator exceeded her powers by allowing the arbitration to proceed against a party (Mr. Peña) who was no longer bound to the arbitration clause that provided the basis for the proceeding. 9 U.S.C. § 10(a)(4). To be sure, we make no

Case 3:20-cv-01095-SCC   Document 35   Filed 03/19/21   Page 9 of 11

RODRÍGUEZ-RODRÍGUEZ ET AL. v.                                                Page 9
DOCTOR'S ASSOCIATES, LLC.

assessment of the merits of the Award, but rather hold that there was no legal basis to enter into the arbitration to begin with and it was therefore void *ab initio*. We therefore vacate the Award of Arbitrator, and grant Plaintiffs' Motions to Dismiss,[3] as to Franchise Agreement #18256 and Franchise Agreement #21043.

Plaintiffs' main contention is that the "rights, title and interest" that were subject to the arbitration proceeding were already litigated in the criminal forfeiture proceeding, and for that reason Doctor's was barred from using the arbitration proceeding to vindicate those same rights. They further argue that Doctor's intentionally used the arbitration as a means of bypassing this Court's decision in the criminal matter. However, Doctor's argues that it merely exercised its contractual rights under the Franchise Agreements by terminating those Agreements for good cause and seeking declaratory relief from the AAA, and that the subjects of the

---

[3] In the criminal forfeiture matter, the Court found that the United States' rights under Franchise Agreement #18256 and Franchise Agreement #21043 vested upon commission of the illegal offenses by Mr. Peña because he used the proceeds from those offenses to enter into the Agreements. *Peña-Fernández*, 401 F.Supp.3d at 230. As such, the Court found that Ms. Rodríguez's rights under those Agreements could not have vested prior to the criminal offenses, and therefore prior to the rights of the United States, meaning her rights under Franchise Agreement #18256 and Franchise Agreement #21043 were also voided upon forfeiture. *Id.* The Court also found that no community property or "innocent spouse" exemption applied under the circumstances. *Id.* Thus, our analysis as to the vacatur of the Award of those Franchise Agreements as it pertains to Mr. Peña is the same as to Ms. Rodríguez.

Case 3:20-cv-01095-SCC   Document 35   Filed 03/19/21   Page 10 of 11

RODRÍGUEZ-RODRÍGUEZ ET AL. v.                                    Page 10
DOCTOR'S ASSOCIATES, LLC.

criminal case and the arbitration proceeding are separate and distinct, factually and legally. Yet despite the parties' extensive arguments on the subject, whether there was procedural overlap between the criminal matter and the arbitration is immaterial. The effect of the criminal forfeiture proceeding was to remove Plaintiffs as parties to Franchise Agreement #18256 and Franchise Agreement #21043, with the United States taking their place. Consequently, the arbitration clause of those Agreements, and in turn the Award, no longer had any legal effect against Plaintiffs. As a result, the Award as it relates to the forfeited Franchise Agreements must be vacated.

Lastly, we turn to Franchise Agreement #66058, which was not subject to forfeiture. Plaintiffs attempt to conflate that Agreement with the two Agreements that were subject to the criminal proceeding in order to contend that the Award should be vacated in its entirety. However, because Mr. Peña's rights under Franchise Agreement #66058 were not forfeited to the United States, none of the reasons expounded *supra* for vacating Franchise Agreement #18256 and Franchise Agreement #21043 apply to Franchise Agreement #66058. Therefore, without an applicable exception warranting vacatur and keeping in mind the significant deference we owe the arbitrator, we confirm the Award summarily as to Franchise Agreement #66058 against both Plaintiffs.

Case 3:20-cv-01095-SCC Document 35 Filed 03/19/21 Page 11 of 11

RODRÍGUEZ-RODRÍGUEZ ET AL. v.                                    Page 11
DOCTOR'S ASSOCIATES, LLC.

## IV.    Conclusion

Having examined the arguments raised by the parties, Plaintiffs' Motions to Dismiss at Docket Number 21 of Case Number 19-2138 and Docket Number 26 of Case Number 20-1095 are GRANTED in part and DENIED in part. The Award of Arbitrator is vacated as to Franchise Agreement #18256 and Franchise Agreement #21043 and is confirmed as to Franchise Agreement #66058. Having ruled on the merits of Mr. Peña's renewed Motion to Dismiss, we find Mr. Peña's earlier Motion to Dismiss at Docket Number 20 of Case Number 20-1095, MOOT.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 19th day of March 2021.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE